UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARY MANUELL, o/b/o
CHRISTOPHER MANUELL,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 1:11-cv-264

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, on behalf of her deceased husband, brings this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") that plaintiff is not entitled to Disability Insurance Benefits ("DIB"). This action is currently before the Court on defendant's motion to dismiss plaintiff's complaint (Doc. 4) and plaintiff's response in opposition. (Doc. 7).

Plaintiff's initial application for DIB was filed on February 23, 2006. (Doc. 1, ¶ 4). The Commissioner denied the application initially and on reconsideration, and plaintiff sought a *de novo* before an Administrative Law Judge ("ALJ"). *Id.* at ¶ 5. After an administrative hearing, the ALJ issued an unfavorable opinion on March 4, 2009. (Doc. 4, Ex. 2). The ALJ's decision became the final decision of the Commissioner after the Appeals Council denied plaintiff's request for review on March 18, 2010. (Doc. 4, Ex. 4). The letter from the Appeals Council included a notice that plaintiff had 60 days [until May 24, 2010] to file a civil action seeking court review and further provided, "[i]f you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting

more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request. . . . We will send you a letter telling you whether your request for more time has been granted." *Id.*

On April 12, 2010, plaintiff, proceeding pro se, sent a letter requesting both a re-opening of the appeal and an extension of time to file for court review. Plaintiff explained the extension was necessary to allow time for her to receive materials related to the ALJ hearing and to obtain and review additional materials in the Commissioner's possession. Plaintiff specifically requested, "[b]ecause of the pending 60 day time limit to file a civil action, kindly acknowledge before the 60 day time limit expires, that either the appeal will be reopened, and/or that an extension to file for review in district circuit court is granted." (Doc. 7, Ex. F).

Plaintiff did not receive a response to her request for an extension of time to file for court review before the May 24, 2010 filing deadline. However, in July 2010 plaintiff received additional correspondence from the Appeals Council granting her a 25-day extension to submit evidence regarding her request to reconsider their denial to review the ALJ's findings. (Doc. 7, p. 3 and Ex. I). Plaintiff continued to correspond and speak with representatives of the Appeals Council regarding collecting necessary materials and requested further extensions of time through November 18, 2010. *Id.* at pp. 3-4 and Exs. J-M. On March 15, 2011, the Appeals Council issued a decision declining plaintiff's request to reopen their decision denying review of the ALJ's decision. (Doc. 7, Ex. N).

Plaintiff, through new counsel, filed a complaint seeking judicial review of the denial of DIB on April 27, 2011. (Doc. 1). Defendant filed the instant motion to dismiss arguing that plaintiff's complaint was not timely filed. (Doc. 4). Defendant asserts that plaintiff had the opportunity to file for court review but instead requested a reopening with the Appeals Council

and, as she did not file for court review until after the 60-day deadline, 42 U.S.C. § 405(g) bars the instant complaint. *Id.*

In response, plaintiff contends that her delay in filing should be excused. Plaintiff asserts that due to her pro se status, the ongoing communications between herself and the Appeals Council, and the lack of a response by the Appeals Council to her request for an extension of time to file for court review, she reasonably assumed that the Appeals Council was still considering her extension request. (Doc. 7). Defendant has not filed a reply nor otherwise contradicted plaintiff's contentions.

The relevant portion of § 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C.A. § 405(g). "Although § 405(g) uses the word 'mailing,' the regulations clarify that the 60-day period begins five days after the date of the denial notice." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007); *see* 20 C.F.R. § 422.210(c) ("the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice").

Here, the Appeals Council issued a letter to plaintiff on March 18, 2010 notifying her that the ALJ's determination was the final decision of the Commissioner. The presumed date of receipt would be March 23, 2010, and plaintiff had 60 days from that date, to May 24, 2010, to file her complaint. Plaintiff does not dispute that her complaint was filed after the statute of limitations had expired. Although not specifically mentioned, plaintiff essentially argues that in

light of her pro se status and ongoing communications with the Appeals Council equitable tolling applies and her claim should be deemed timely.

The 60-day time limit provided by § 405(g) is not a jurisdictional requirement, but rather constitutes a statute of limitations. *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975). Accordingly, the Supreme Court has determined that applying traditional principles of equitable tolling to § 405(g) is appropriate and "consistent with the overall congressional purpose[.]" *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The Sixth Circuit has enunciated five factors that the Court must consider when determining whether to toll the § 405(g) statute of limitations:

> (1) the [plaintiff]'s lack of [actual] notice of the filing requirement; (2) the [plaintiff]'s lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) an absence of prejudice to the [defendant]; and (5) the [plaintiff]'s reasonableness in remaining ignorant of the legal requirement for filing [the] claim.

*Cook*, 480 F.3d at 437 (quoting *Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

In the instant matter, plaintiff has presented a reasonable explanation, supported by the record, for her delay in filing. Plaintiff, acting pro se, received the March 18, 2010 Appeals Council Notice informing her of the 60-day limitation for filing a civil action and providing instructions for requesting an extension of time to file for court review. In reliance thereon, plaintiff timely requested an extension of time to file a court case. (Doc. 7, Ex. 6). Despite the Appeals Council's representation that, upon receiving a request for such an extension, they would "send [plaintiff] a letter telling [her] whether [her] request for more time has been granted[,]" there is no evidence showing that the Appeals Council ever notified plaintiff of a decision on her request. (Doc. 4, Ex. D, p. 3). Rather, the Appeals Council sent plaintiff a letter stating that they were granting an extension of 25 days for plaintiff to send more information.

The letter did not advise plaintiff whether her request for an extension of time to file a civil action was granted or denied. (Doc. 7, Ex. G). As a pro se litigant, plaintiff could have reasonably inferred the Appeals Council still had not made a decision on her extension of time request. Plaintiff consistently followed up with the Appeals Council, via U.S. mail, facsimile, and telephone, from the time she received the March 18, 2010 Notice to March 15, 2011 when she was finally informed that the Appeals Council denied her request to reopen their decision declining to review the ALJ's determination. (Doc. 7, Ex. N).

The evidence submitted by plaintiff demonstrates that she was exceptionally diligent in pursuing her administrative rights and right to court review and, but for the Appeals Council failure to respond to her request for an extension of time to file a civil action, she would likely have filed for court review within the prescribed time period to preserve her rights. *See Baker v. Comm'r of Soc. Sec.*, No. 10-13748, 2011 WL 1598636, at *3 (E.D. Mich. Feb. 17, 2011) (finding a pro se plaintiff was diligent in pursuing her rights based on uncontradicted evidence that plaintiff made one unanswered request for an extension). Further, the nonspecific language of the Appeals Council's responses to plaintiff's correspondence could have reasonably led her to believe, albeit mistakenly, that an answer to her request for an extension of time to file a civil action was forthcoming, especially in light of her pro se status. *Cf. Pliler v. Ford*, 542 U.S. 225, 235 (2004) (O'Connor, J., concurring) (noting appropriateness of equitable tolling where pro se litigant is affirmatively misled by the Court or State).

Further, while the Court recognizes that the Commissioner is faced with a plethora of applications each year, the Commissioner has not alleged any prejudice, nor does the Court perceive that the Commissioner would suffer any prejudice, by allowing this case to go forward. As the Commissioner has not filed a reply brief to plaintiff's responsive brief, no evidence has

been presented to contradict plaintiff's demonstrated diligence in pursuing her right to court review. Nor has the Commissioner presented any explanation for the Appeals Council's failure to respond to plaintiff's request for an extension of time to file a court action. Accordingly, the evidence of record supports equitable tolling of the statute of limitations in this matter and allowing plaintiff to pursue her litigation.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant's motion to dismiss (Doc. 4) be **DENIED** and the Commissioner be ordered to file an answer to the complaint within sixty days of any Order adopting this Report and Recommendation.

Date: 11/14/2011

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARY MANUELL, o/b/o
CHRISTOPHER MANUELL,

Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.

Case No. 1:11-cv-264

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).