UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MARY MANUELL o/b/o,**                                  **CASE NO.: 1:11-cv-264**
**CHRISTOPHER MANUELL,**

       **Plaintiff,**                                         **Barrett, J.**
                                                            **Litkovitz, M.J.**

      **v.**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Report"), which recommends affirming the non-disability finding of Defendant Commissioner of Social Security. (Doc. 31). Notice was given to the parties under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). (Doc. 31, PageID 202). Mary Manuell, on behalf of Christopher Manuell,[1] sought an extension of time up to and including April 23, 2013 to file objections. (Doc. 32).[2] Manuell filed her objections on April 25, 2013 (Docs. 33, 34). Defendant Commissioner of Social Security filed a timely response to the objections on May 9, 2013. (Doc. 18). This matter is now ripe for review.

**I.**     **SUMMARY OF REPORT AND OBJECTIONS**

In the Report, the Magistrate Judge recommended affirming Defendant's finding of non-disability. (Doc. 31, PageID 185-201). In making that recommendation, the Magistrate Judge determined that four specific errors identified by plaintiff should be overruled. (*Id.*). First, the

---

[1] For the purposes of clarity, the undersigned will refer to Mary Manuell as "Manuell" and to Christopher Manuell as "plaintiff" throughout this opinion.

[2] Although the motion for extension of time was filed on April 9, 2013 requesting an extension up through April 23, 2013 (Doc. 32), no ruling has been made on that motion.

1

Magistrate Judge determined that the ALJ did not err by discounting Manuell's credibility as it related to plaintiff's pain. (*Id.*, PageID 189-93). Second, the Magistrate Judge determined that the ALJ's finding that plaintiff's depression was not a severe impairment is supported by substantial evidence. (*Id.*, PageID 193-98). Third, the Magistrate Judge determined that the ALJ did not err by declining to elicit testimony from a medical expert. (*Id.*, PageID 198-99). Fourth, the Magistrate Judge determined that the ALJ did not have a duty to further develop the record regarding amendment of the alleged disability onset date. (*Id.*, PageID 200-01).

Manuell's objections address only the first three determinations of the Magistrate Judge.

## II. LEGAL STANDARDS

### A. Objections

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the magistrate[judge's] report has the same effects as would a failure to object." *Howard v. Sec'y of H.H.S.*, 932 F.2d 505, 509 (6th Cir. 1991). Only specific objections are entitled to de novo review under the Magistrate Judge's Act, 28 U.S.C. § 636. *Id.*; *see also Fairfield v. Wacha*, No. 1:07-cv-948, 2008 U.S. Dist. LEXIS 15119, at *4-5 (W.D. Mich. Feb. 28, 2008). The reason for that requirement is:

> [t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of

> time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard*, 932 F.2d at 509. Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue. *Id.* Merely restating arguments previously presented, stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before is not a specific objection that alerts the district court to the alleged errors on the part of the magistrate judge. *Id.* at 508-09; *see also Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997), *cert. denied*, 522 U.S. 1030 (1997).

### B. Judicial Review of Commissioner's Decision

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a two-fold inquiry. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). First, the court must determine if substantial evidence supports the Commissioner's decision. Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978). When the ALJ's decision is supported by substantial evidence, the court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. *Blakely*, 581 F.3d at 406 (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Second, the court must determine whether the ALJ applied the correct legal standards in the disability determination. *Blakely*, 581 F.3d at 405. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "'a decision of the Commissioner will not be upheld where the [Social Security

3

Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen,* 478 F.3d at 746).

### III.   ANALYSIS

#### A.  First Objection

Manuell argues that the Magistrate Judge erred in her analysis of plaintiff's pain and of Manuell's credibility as it related to plaintiff's pain. (Doc. 34, PageID 219). In doing so, Manuell reiterates the arguments set forth in the Statement of Errors almost verbatim. (*Id.*, PageID 150-55).[3] Given that Manuell has stated a mere disagreement with the Magistrate Judge's suggested resolution, the undersigned is not alerted to any specific alleged errors on the part of the Magistrate Judge. A de novo review thus would merely be duplicative and would render the initial reference to the Magistrate Judge useless.

In any event, the undersigned finds the Magistrate Judge's recommendation as to this issue to be both thorough and correct. As explained in detail in the Report (Doc. 31, PageID 191-93), substantial evidence supports the findings 1) that neither prong of the two-part test set forth in *Duncan v. Secretary of Health & Human Services,* 801 F.2d 847, 852-53 (6th Cir. 1986), has been met with respect to plaintiff's back pain from the alleged onset date, September 1, 2004, to the date of plaintiff's death, May 27, 2006, and 2) that Manuell's testimony regarding plaintiff's level of pain and severity and frequency of migraine headaches was not well-supported by record evidence and, thus, was not fully credible.

According, the first objection is not well-taken and, thus, is overruled.

#### B.  Second Objection

---

[3] The objections even include the exact same typographical errors as the Statement of Errors. *Compare* (Doc. 25, PageID 152, 154) *with* (Doc. 34, PageID 221, 223).

4

Manuell contends that the Magistrate Judge erred by finding that substantial evidence supported a conclusion that plaintiff's depression was not a severe impairment. (Doc. 34, PageID 224-25). Manuell specifically takes issue with the conclusion that mild limitations in three areas of functioning (daily living, maintaining social functioning, and maintaining concentration, persistence, and pace) do not pass the threshold for a severe impairment. (Doc. 34, PageID 224). Manuell also points to record evidence from April 2000 through September 2003 that purportedly supports a finding of severe depression. (*Id.*).

Upon de novo review, the undersigned concludes that Manuell's objections fail to show that the Magistrate Judge erred. For an impairment to be "severe," it must significantly limit one's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). Basic work activities in the context of mental impairments relate to the abilities and aptitudes necessary to perform most jobs, such as the ability to understand, carry out, and remember simple instructions; use judgment; respond appropriately to supervisors and co-workers; and deal with changes in the work setting. 20 C.F.R. § 404.1521(b). An impairment will be considered non-severe only if it is a "slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." *Farris v. Sec'y of H.H.S.*, 773 F.2d 85, 90 (6th Cir. 1985) (citing *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984)). The severity requirement is a "*de minimis* hurdle" in the sequential evaluation process. *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988).

Although Manuell argues that the ALJ's statement in his decision that "[a]t most, depression resulted in only mild restriction of the claimant's activities of daily living, mild difficulties in maintaining social functioning, and mild difficulties in maintaining concentration,

persistence or pace" is enough to show a severe impairment, the undersigned disagrees. Not only are "mild" limitations distinguishable from the required significant limitations, but the ALJ's decision plainly indicates he intended to distinguish between the two. Of import then is whether substantial evidence exists in the record to support the ALJ's finding that plaintiff's depression was not severe during the alleged period of disability.

The record evidence relied upon by Manuell in the objections does not demonstrate any error by the Magistrate Judge. That same evidence was specifically considered by the Magistrate Judge prior to reaching her conclusion. The Magistrate Judge correctly recognized that all of that record evidence pre-dated the alleged period of disability, demonstrating only that, at some point, plaintiff's depression likely was severe. (*See* Doc. 31, PageID 195-98). The Magistrate Judge also correctly determined that there exists record evidence from the alleged period of disability that provides substantial support for the ALJ's finding that plaintiff's depression was not severe during the relevant timeframe. (*Id.*, PageID 196-98). Manuell still has pointed to no evidence that plaintiff had any limitations whatsoever from his depression during the relevant timeframe that would support a contrary finding. Even if Manuell had pointed to such evidence (which she has not), this Court still "must defer to an agency's decision 'even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Accordingly, Manuell's second objection is overruled.

### C. Third Objection

Manuell contends that the Magistrate Judge incorrectly determined that the ALJ did not err by declining to elicit testimony from a medical expert. (Doc. 34, PageID 225). In doing so,

Manuell reiterates the arguments set forth in the Statement of Errors almost verbatim. *Compare* (Doc. 34, PageID 225-27) *with* (Doc. 25, PageID 156-57). Given that Manuell has stated a mere disagreement with the Magistrate Judge's suggested resolution, the undersigned is not alerted to any specific alleged errors on the part of the Magistrate Judge. A de novo review thus would merely be duplicative and would render the initial reference to the Magistrate Judge useless.

Even construing the objections liberally, the only discernible specific objection is that the Magistrate Judge did not properly apply or properly address SSR 96-7, which states: "When additional information is needed to assess the credibility of the individual's statements about symptoms and their effects, the adjudicator must make every reasonable effort to obtain available information that could shed light on the credibility of the individual's statements." (Doc. 34, PageID 226). Manuell appears to argue that the testimony of a medical expert was necessary to assess the credibility of plaintiff or Manuell. As the Magistrate Judge correctly explained (Doc. 31, PageID 199), however, the ALJ has discretion in determining whether to elicit testimony from a medical expert. *See* 20 C.F.R. § 404.1527(e)(2)(iii) ("[ALJs] *may* also ask for and consider opinions from medical experts . . . ."). SSR 96-7 also is permissive, not mandatory, and it does not indicate that additional information must be obtained every time the ALJ finds an individual's statements or testimony less than fully credible. Therefore, given the discretionary nature of the decision as well as the voluminous medical records, the statements from plaintiff and Manuell, and the state agency reports[4] which were considered by the ALJ, the undersigned agrees with the Magistrate Judge that the ALJ did not err in failing to call a medical expert.

According, the third objection is not well-taken and, thus, is overruled.

---

[4] As the Magistrate Judge acknowledged (Doc. 31, PageID 199), there is a discrepancy between the state agency reviewing physician opinions as to plaintiff's RFC. *See* (Tr. 1061, 1968-75). The ALJ, however, gave plaintiff the benefit of the doubt by adopting Dr. Teague's assessment that plaintiff's severe impairments limited him to light work. (Tr. 34).

**IV.     CONCLUSION**

Consistent with the foregoing, Manuell's objections (Doc. 34) are **OVERRULED**, the Magistrate Judge's Report (Doc. 31) is **ADOPTED**, and the motion for extension of time (Doc. 32) is **DENIED AS MOOT**.  The decision of the Commissioner is hereby **AFFIRMED** and this matter shall be closed from the docket of the Court.

**IT IS SO ORDERED**.

s/Michael R. Barrett<br>
JUDGE MICHAEL R. BARRETT<br>
UNITED STATES DISTRICT COURT